```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
In re:                        :
                              :    Chapter 11
    BEST PAYPHONES, INC.,     :    Case No. 01-15472(SMB)
                              :
              Debtor.         :
------------------------------X
```

## OPINION AND ORDER
## REGARDING DoITT CLAIM
## FOR INTERIM REGISTRY FEES

**A P P E A R A N C E S:**

CHARLES H. RYANS, ESQ.
Attorney for Debtor
1674 Broadway – 7th Floor
New York, New York 10019


MICHAEL A. CARDOZO
Corporation Counsel for the
   City of New York
Attorney for Department of Information
   Technology & Telecommunications
100 Church Street
New York, New York 10007-2601


**STUART M. BERNSTEIN**
**Chief United States Bankruptcy Judge**

The New York City Department of Information Technology & Telecommunications ("DoITT") filed two proofs of claim in this confirmed chapter 11 case, seeking fees and fines in connection with the debtor's operation of public pay telephones ("PPTs"). The debtor objected to the claims. DoITT recently withdrew its claim for fees, and maintains that the withdrawal mooted the portion of the objection relating to the fees. The debtor apparently disagrees. I write, primarily for the benefit of any other court

that may have to consider this matter, to explain why I agree with DoITT's self-evident proposition.

The relevant facts are set forth in <u>In re Best Payphones, Inc.</u>, 279 B.R. 92 (Bankr. S.D.N.Y. 2002). I assume familiarity with that opinion, and highlight only the facts that concern the current matter. The debtor formerly operated PPTs in New York City.[1] Its authority was derived from its listing on an interim registry maintained by the City. The interim registry was created to bridge the gap between an existing and newly-enacted regulatory scheme. In essence, it "grand fathered" existing operators, and allowed them to operate until they qualified under the new scheme. To qualify, the PPT operator had to execute a franchise agreement with the City. The City imposed fees on the operators listed on the interim registry, and DoITT administered the regulations.

DoITT sent the debtor a franchise agreement, but the debtor refused to sign it. DoITT took the position that the refusal to sign the franchise agreement terminated the debtor's right to operate the PPTs under the interim registry. As a consequence, it began to remove the debtor's PPTs and issue fines on the theory that the debtor was operating the PPTs without authority. The

---

[1] After filing this case, the debtor sold its assets to a third party, and confirmed a 100% plan.

debtor nevertheless continued to pay its interim registry fees until March 2001.

The debtor filed this case in October 23, 2001. DoITT subsequently filed two proofs of claim based on the debtor's failure to pay interim registry fees and the fines arising from the unauthorized operation of the PPTs. The first, dated Feb. 1, 2002, related to the pre-petition period. It aggregated $60,048.15, split between unpaid interim registry fees ($37,048.15) and fines ($23,000). (Declaration of Michael Chaite [etc.], dated Apr. 1, 2005, Ex. D)(ECF. Doc. # 395.) The pre-petition fines were the subject of the Court's earlier opinion. The second claim, dated Nov. 13, 2002, covered the post-petition period. It sought interim registry fees in the sum of $69,789.35, and fines in the amount of $36,000. (Id., Ex I.)

The debtor filed a series of objections to these claims, culminating in the Amended Objection to Proof of Claim of [DoITT], dated July 17, 2003 ("Amended Objection")(ECF Doc. # 273.) The Amended Objection generally challenged the City's scheme for regulating PPTs and DoITT's enforcement activities. It raised a host of issues ranging from the constitutional to the statutory to the procedural.[2]

---

[2] The debtor (or its affiliate, New Phone Company, Inc.) pressed similar claims elsewhere. In fact, they filed eight overlapping complaints against DoITT in the United States District Court for the Eastern District of New York, challenging DoITT's regulation of PPTs.

3

The Amended Objection also contended that the claims for fees and fines were mutually exclusive.  If the debtor was listed on the interim registry, it might owe the fees but could not be fined for illegally operating the PPTs.  Conversely, if it was taken off of the interim registry, it might owe the fines but could not owe the fees.  (Id., at ¶ 1.)  The Amended Objection also asserted counterclaims, but they had nothing to do with the overpayment of fees or fines.  (See id., at ¶¶ 91-93.)

By letter dated October 7, 2005, DoITT confirmed its earlier statement made on the record that it was withdrawing its claims for pre-petition and post-petition interim registry fees.  (ECF Doc. # 438.)  DoITT contended that the withdrawal mooted the debtor's objection to the fees, and limited the claim and objection to the fines.

In two letters, both dated October 14, 2005 (ECF Doc. ## 441, 442), the debtor took a different view.  The debtor argued, for the first time, that it held a claim for the payment (or overpayment) of approximately $75,000 of pre-petition interim registry fees that should never have been paid.  It announced its intention to seek authority to amend its objection to assert this claim as a set off

---

The unnecessary burden imposed by these complaints led Judge Gleeson to enjoin the debtor and its affiliate from filing any new actions relating to the City's regulation of PPTs without leave of the court.  (See ECF Doc. # 435, Ex. A.)

4

against DoITT's claim for fines.

Any debt for pre-confirmation fees was discharged by the confirmation of the plan.  See 11 U.S.C. § 1141(d)(1).  DoITT's ability to collect was limited to distributions on its proofs of claim.  By withdrawing its claims for fees, DoITT surrendered any ability to recover those fees in this case.  The withdrawal of the claim for fees mooted the objection to the claim for fees because there is no longer any claim for fees.

So ordered.

Dated:   New York, New York
         October 21, 2005

                              /s/ *Stuart M. Bernstein*
                              STUART M. BERNSTEIN
                       Chief United States Bankruptcy Judge