```
UNITED STATES BANKRUPTCY COURT         NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
In re:                        :
                              :        Chapter 11
     BEST PAYPHONES, INC.,    :        Case No. 01-15472(SMB)
                              :
                   Debtor.    :
------------------------------X
```

**OPINION RESOLVING DEBTOR'S
OBJECTION TO CLAIM NO. 12
FILED BY VERIZON NEW YORK INC.**

A P P E A R A N C E S:

MAYNE MILLER, ESQ.
Attorney for Debtor
57 Chrystie Street, Suite 8
P.O. Box 8050, GPO
New York, New York 10116


ARNALL, GOLDEN GREGORY LLP
Attorneys for Verizon New York Inc.
171 17th Street
Suite 2100
Atlanta, Georgia 30363

    Darryl S. Laddin, Esq.
    Heath J. Vicente, Esq.
        Of Counsel


**STUART M. BERNSTEIN
Chief United States Bankruptcy Judge**

    The purpose of this opinion is to explain, in light of the debtor's different view, why the long and litigious history surrounding the objection to the claim filed by Verizon New York, Inc. ("Verizon") has come to an end.

    The debtor was engaged in the business of owning and operating

public pay telephones.  It filed this chapter 11 case on October 23, 2001, sold all of its assets to a third party, and confirmed a 100% plan (the "Plan") by order dated, December 26, 2002 (ECF Doc. # 219.)  A copy of the Plan can be found at ECF Doc. # 155.

On or about February 12, 2002, Verizon filed claim no. 12 in the sum of $75,962.14.  The debtor filed an objection. (<u>See Objection to Proof of Claim of Verizon Communications, Inc.</u>, dated Dec. 6, 2002)(the "Objection")(ECF Doc. # 201.)  The substance of the Objection was that Verizon had injured the debtor in a variety of ways, and as a result, owed the debtor more than the debtor owed Verizon.  The debtor did not seek affirmative relief beyond the expungement of Verizon's claim.  If the debtor prevailed, Verizon would not receive a distribution under the Plan, but the debtor would not receive any further relief, such as a payment, from Verizon.

In the meantime, the debtor and Verizon were involved in proceedings before the New York State Public Service Commission. The dispute concerned municipal surcharge payments incorrectly billed to and paid by the debtor.  The parties entered into a stipulation (the "PSC Stipulation") acknowledging that the debtor

was entitled to a $25,285.08 refund.[1]  The operative paragraph stated:

> 2.   By this stipulation, Verizon agrees that Best Payphones' escrow agent in its bankruptcy case ... may release to Best Payphones $25,285.08 from amounts being held in escrow on Verizon's behalf.  If it is determined at some later date by the Bankruptcy Court that the total amount of Verizon's prepetition charges owed by Best Payphones to Verizon for any period prior to October 23, 2001 (the "Verizon Prepetition Charges") is less than $25,285.08, Verizon will pay directly to Best Payphones the difference between (x) $25,285.08, less (y) the total amount of the Verizon Prepetition Charges, plus 4% interest per annum accruing from the date that is 10 days from the date of this Stipulation, within 10 days of the entry of a final, non-appealable Order determining the amount of the Verizon Prepetition Charges.

On April 20, 2005, the Court conducted a trial to determine the allowed amount of Verizon's claim.  After hearing the witnesses and considering the documentary evidence, the Court dictated a decision into the record allowing the Verizon claim in the amount of $35,307.76.  The ensuing order memorialized this result, allowed the debtor to set off the $25,285.08, and determined that the remaining unpaid amount of Verizon's claim was $10,022.68.  However, any further distribution had to await the determination of the debtor's counterclaims.  (See Order on First Part of Debtor's Objection to the Claim of Verizon New York, Inc., dated May 4, 2005)(ECF Doc. # 405.)  The debtor filed an appeal from this order, and the appeal is currently pending before District Judge Gerard E.

---

[1]    A copy of the stipulation is attached as Exhibit 2 to the July 18, 2005 letter from Charles H. Ryans, Esq. to the Court.  (ECF Doc. # 414.)

3

Lynch (see Best Payphones, Inc. v. Verizon New York, Inc., 05 Civ. 6531 (S.D.N.Y. filed May 16, 2005)).

Following the trial, the debtor identified two principal set off claims. The first related to "dial around compensation." The second charged that Verizon had mishandled the debtor's "migration" orders that were issued when the debtor changed local exchange carriers. (See Letter from Mayne Miller, Esq. to the Court, dated Sept. 23, 2005)(ECF Doc. # 425.) Verizon generally took the position that these issues should be litigated, if at all, in some other forum.

The "migration" claim, in particular, forebode protracted litigation with concomitant costs and delay. Concluding that it was not worth the time and money, Verizon's counsel informed the Court that Verizon would consent to an additional set off of $10,022.68, thereby zeroing out the remaining unpaid portion of its claim. (See Letter from Darryl S. Laddin, Esq. to the Court, dated Oct. 3, 2005)(ECF Doc. # 432.)

Verizon's proposed order, which purported to dispose of the Objection, met with stiff resistance from the debtor. In brief, the debtor had two concerns. First, if the debtor prevailed on its

appeal, the allowed amount of Verizon's claim could turn out to be less than $25,285.08, the amount set off by Verizon under the Court's May 4th order.  Second, the debtor might be prejudiced if it was forced to pursue its counterclaims in another forum.  (See, e.g., Letter from Mayne Miller, Esq. to the Court, dated Oct. 27, 2005)(ECF Doc. # 450.)

The answer to the first concern is a simple one.  If the Verizon claim is ultimately allowed in an amount less than $25,285.08, Verizon will pay the debtor pursuant to the PSC Stipulation.  If the allowed amount of the claim ultimately falls between $25,285.08 and $35,307.76, the amount of the stipulated set off ($10,022.68) will be reduced accordingly.  For example, if the allowed claim is $30,000, Verizon will be deemed to have stipulated to a set off in the sum of $4,714.92 ($30,000 minus $25,285.08).

The debtor's second concern is based on an erroneous assumption, to wit, that the Objection gave the debtor the right to fully liquidate all of its counterclaims in this Court.  The debtor, however, never sought affirmative relief from Verizon in this Court, either through its objection[2] or by way of a separate

---

[2] A debtor may seek affirmative relief in a claim objection.  See FED. R. BANKR. P. 3007 ("If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.")

adversary proceeding.  Verizon has consented to or acknowledged set offs in the full amount of its allowed claim.  Absent a reversal or remand of the order allowing the Verizon claim, the Objection has been completely resolved, and Verizon is not entitled to any distribution on account of its claim.  If the debtor thinks it has the right to affirmative relief beyond the set off, it must initiate and pursue those claims elsewhere.  Under the debtor's Plan, the Court retained jurisdiction "to determine all applications and adversary proceedings pending on the Effective Date or filed or commenced within 60 days thereafter."  The deadline passed long ago.

The Court will enter an order consistent with this opinion.

Dated:   New York, New York
         November 4, 2005

                              /s/ *Stuart M. Bernstein*
                              STUART M. BERNSTEIN
                         Chief United States Bankruptcy Judge