UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                                  :
                                                        :     Chapter 11 (Confirmed)
        BEST PAYPHONES, INC.,           :     Case no. 01-15472(SMB)
                                                        :
                Debtor.                         :
------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER
GRANTING RECONSIDERATION AND
MODIFYING THE NOVEMBER 13, 2006 ORDER**

**A P P E A R A N C E S:**

DUANE MORRIS LLP
Attorneys for Manhattan Telecommunications
        Corporation d/b/a MetTel
380 Lexington Avenue
New York, New York 10168

        Fran M. Jacobs, Esq.
                Of Counsel

MAYNE MILLER, ESQ.
Attorney for Debtor
P.O. Box 8050 G.P.O.
New York, New York 10116

**STUART M. BERNSTEIN
Chief United States Bankruptcy Judge**

On November 13, 2006, the Court signed an order (the "Order") that, <u>inter alia</u>,

granted in part and denied in part the debtor's motion to amend its objections to the claim

no. 8 filed by Manhattan Telecommunications Corporation d/b/a MetTel ("MetTel").

Among other things, the Court directed the debtor to file a motion under Rule 41 of the

Federal Rules of Civil Procedure if it intended to withdraw the two setoff claims included

in the objection.

The debtor has moved for reconsideration. Despite its earlier application for leave to amend its objection, the debtor now argues that no motion to amend was necessary in the first place. In addition, it contends that it was free to dismiss its setoff claims as a matter of right. Finally, the debtor maintains that one of the setoff claims had already been withdrawn pursuant to an earlier order.[1] I agree with the last point, and the motion is granted to permit me to modify that part of the Order. Otherwise, the Order remains unchanged.

## BACKGROUND

The debtor formerly operated public pay telephones in New York City. At various times, it purchased local and regional dial tone services from various providers, including MetTel. Each time that the debtor changed its dial tone provider, its phones had to be "migrated" to the new provider. The migration process required action by the new and the old providers. The nub of the current dispute involves the debtor's contention that MetTel damaged the debtor during migrations that occurred in September 1999 and December 2000.

Prior to the filing of this chapter 11 case on October 23, 2001, the debtor and MetTel were involved in various state court litigations. In or about March 2001, the debtor sued MetTel in the Supreme Court, Nassau County, and demanded damages arising from MetTel's wrongful conduct relating to the two migrations. (Objection to Proofs of Claim Nos. 3 & 8, dated July 28, 2002 (the "First Objection"), Ex. B (Nassau Verified Complaint))(ECF Doc. # 88.)

---

[1] The debtor also filed an unauthorized supplemental reply memorandum, (ECF Doc. # 626), which I have declined to consider.

2

After the debtor filed the chapter 11 case and MetTel filed a proof of claim, the debtor filed an objection that, inter alia, asserted a setoff based on the same conduct alleged in the Nassau County action. (See First Objection, at ¶ 26.) The filing did not automatically stay the lawsuit brought by the debtor against MetTel. Nevertheless, the debtor took no steps to prosecute the Nassau action, and instead, pursued the migration claims in this Court.

MetTel filed its response to the First Objection on September 9, 2002. (Memorandum of Law in Support of Objection of Manhattan Telecommunications Corporation, dated Sept. 9, 2002 (the "MetTel Response"), at 16-20) (ECF Doc. # 122.) It denied any liability to the debtor in connection with the migration claims. In addition, MetTel argued that the debtor had breached its discovery obligations in the state court. (See MetTel Response, at 16-20 and the attached Declaration [Of David Aronow] in Support of Objection of Manhattan Telecommunications Corp., dated Sept. 9, 2002, at ¶¶ 18-19.) On September 20, 2002, the Court signed an order that treated the MetTel Response as a summary judgment motion, and scheduled additional submissions in light of that treatment. (Order Concerning Summary Judgment Motion, dated Sept. 20, 2002)(ECF Doc. # 138.)

By Memorandum Decision dated Dec. 11, 2002, the Court granted the motion for summary judgment in part, and denied it in part. (ECF Doc. # 204.) The decision did not address the migration claims, which were factual in nature. Nevertheless, the decision (and the corresponding order)(ECF Doc. # 224) included catchall language denying the motion for summary judgment except to the extent that partial summary judgment was granted on specific claims.

3

In the meantime, the debtor and its principal officer, Michael Chaite, proposed the Third Amended Plan, which promised to pay the creditors 100%, plus 9% interest. (See Third Amended Plan of Reorganization Jointly Proposed by Best Payphones, Inc., Debtor and Debtor-In-Possession, and Michael Chaite, Dated October 8, 2002, at 5)(the "Plan")(ECF Doc. # 155.) The Court confirmed the Plan on December 26. 2002. (Order Confirming Third Amended Plan of Reorganization Jointly Proposed By Best Payphones, Inc., Debtor and Debtor-In-Possession, and Michael Chaite, Dated October 8, 2002, as Modified, dated Dec. 26, 2002)(ECF Doc. # 219.) The Plan did not include an express deadline covering claims objections, and was ambiguous on this point. It preserved the Court's jurisdiction to resolve all objections to claims, and "to determine all applications and adversary proceedings pending on the Effective Date or filed or commenced within 60 days thereafter." (Third Amended Plan, at 8-9.) Whether "applications" included objections, and therefore imposed an objection deadline, is unclear. The deadline did, however, limit the Court's jurisdiction to hear an objection that included a claim "to recover money or property" within the meaning of Fed. R. Bankr. P. 7001(1). See FED. R. BANKR. P. 3007 ("If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding").

All the while, the parties engaged in discovery on the remaining issues, including the migration claims, and frequently brought discovery disputes to the Court. In addition, MetTel argued that the debtor was estopped from prosecuting the migration claims because it had successfully contended in another proceeding that the migration injuries were caused by Verizon's negligence. (See Letter from Fran Jacobs, Esq. to the Court,

4

dated Feb. 22, 2006 (ECF Doc. # 475); Letter from Fran Jacobs, Esq. to the Court, dated Mar. 9, 2006)(ECF Doc. # 477).)

The dispute over the migration claims came to a head in April 2006. On April 13, 2006, the debtor's attorney wrote to the Court stating that the debtor was withdrawing its September 1999 claim, but intended to continue to press its other migration claims. (Letter from Charles H Ryans, Esq. to the Court, dated Apr. 13, 2006)("Best is withdrawing its claim for damages arising from its migration to MetTel in September of 1999, but not its claims for damages arising from its migration away from MetTel in December of 2000 nor its claim for damages arising from its migration away from MetTel in May of 2001")(ECF Doc. # 488.) The debtor never made a motion to withdraw the claim, or stated that it intended to prosecute it elsewhere.

The withdrawal of the claim was confirmed by an order issued after a discovery conference conducted on the record on May 30, 2006. The parties have not provided a copy of the transcript, but it appears that the withdrawal of the migration claims had been addressed. Immediately following the conference, MetTel submitted a proposed order stating, "Best is withdrawing its claims for a setoff based on the migration of its telephone lines to [MetTel]." (ECF Doc. # 499, at ¶ 2.) The debtor's attorney responded with a letter reaffirming the debtor's withdrawal of the September 1999 migration claim but no other claims; the letter clearly implied that the withdrawal was "with prejudice" because the debtor could not prove damages:

> In paragraph 2, Best said that it was withdrawing its setoff for damages incurred when it migrated to MetTel in September of 1999. It is possible that MetTel damaged Best when Best's lines were migrated to MetTel in April of 2001 and Best does not want to withdraw this claim, at least until discovery is completed. I notified Your Honor of Best's

5

> withdrawal of the claim related to the September 1999 migration in my letter to Your Honor dated April 13, 2006.

(Letter from Charles H. Ryans, Esq. to the Court, dated June 1, 2006, at 1)(ECF Doc. # 500.) Ryans also submitted his own proposed counter-order, which made clear that the debtor was only withdrawing the September 1999 migration claim. (See ECF Doc. # 501, at ¶ 2.) On June 2, 2006, the Court signed an order limiting the withdrawal to the September 1999 migration claim. (Second Order Concerning the Completion Of Discovery, dated June 2, 2006, at ¶ 2)(ECF Doc. # 502.)

**The Motion for Leave to Amend the First Objection**

The debtor moved to amend its objection (the "First Amended Objection") to MetTel's claim number 8 on August 21, 2006,[2] and submitted a revised objection (the "Second Amended Objection") in late September. In a subsequent filing, Chaite explained that the amendment was intended, among other things, to reflect that the debtor had withdrawn its claims of set off relating to the migration of its public pay telephones to MetTel in September 1999 and away from MetTel in December 2000. (See Declaration [of Michael Chaite] in Support of Amended Objection to Proof of Claim dated Sept. 25, 2006, at ¶ 6.)[3] According to Ryans, the debtor intended to pursue the December 2000 migration claim (but not the September 1999 claim) in the dormant Nassau County action:

> An additional modification to the motion to amend the objection is the elimination of Best's claim for damages as a result of MetTel interfering with Best's migration from it to North American Telecommunications Corporation ("NATelCo") and illegally suspending service to the lines serving Best in December of 2000. This claim was originally being

---

[2]   Claim no. 3 had been stricken as duplicative.

[3]   A copy of Chaite's declaration is attached as Exhibit 1 to the debtor's current motion.

6

> pursued in a New York State Supreme Court action commenced in the County of Nassau in April of 2001. Best had decided to revive its claim in Nassau County. . . .

(Letter from Charles H. Ryans, Esq. to the Court, dated Sept. 27, 2006, at 1)(ECF Doc. # 565.)

MetTel opposed the motion. It argued, <u>inter alia</u>, that the withdrawal of a claim was governed by Rule 41 rather than Rule 15 of the Federal Rules of Civil Procedure, and insisted, citing <u>Tolle v. Carroll Touch, Inc.</u>, 23 F.3d 174 (7th Cir. 1994), that the withdrawal of the September 1999 claim --- which had somehow crept back into the case – and the December 2000 migration claim must be "with prejudice." (<u>Memorandum of [MetTel] in Opposition to Debtor's Motions and in Support of Cross Motion</u>, dated Oct. 6, 2006, at 36-37) (ECF Doc. # 571.)

In reply, the debtor agreed that Rule 41 governed the withdrawal of the December 2000 migration setoff claim. (<u>Debtor's Reply Memorandum in Support of Motion for Leave to Amend Objection to Proof Of Claim</u>, dated Oct. 18, 2006("<u>Debtor's Reply</u>"), at 3 (ECF Doc. # 582.) It argued, however, that since MetTel had neither answered nor moved for summary judgment, the debtor could withdraw the setoff claim without prejudice by filing a notice of dismissal. (<u>Id.</u>) Moreover, the debtor simultaneously filed a separate Notice of Dismissal, pursuant to Fed R. Bankr. P. 7041 and Fed. R. Civ. P. 41(a)(1)(i), which stated that the December 2000 migration claim was dismissed without prejudice to asserting the claim in another forum. (ECF Doc. # 583, 584.) The debtor also contended that even if a court order was required, it had satisfied the four pronged test governing a withdrawal without prejudice discussed in <u>Grover v. Eli Lilly & Co.</u>, 33

7

F.3d 716, 718 (6th Cir. 1994) and Kovalic v. DEC Int'l, Inc., 855 F.2d 471, 474 (7th Cir. 1988).[4]

On November 1, 2006, the Court heard argument on the motion for leave to amend as well as two other motions, and ruled from the bench. To the extent relevant here, the Court granted the motion for leave to amend in part, denied the motion in part, and directed the debtor to file a motion under Rule 41 to withdraw the September 1999 and December 2000 migration claims. The next day MetTel submitted a proposed order, and paragraph 3 embodied these rulings.

Between that latter date and the date I signed the Order (November 13th), the Court received letters and submissions from the parties.[5] The debtor never disputed that MetTel's proposed order accurately reflected the Court's rulings. Instead, it came up with a new argument, and submitted a proposed counter-order that eliminated paragraph 3 and any reference to the motion for leave to amend. According to an accompanying letter, the debtor's counsel (Ryans) discovered <u>after</u> the hearing that the debtor did not have to make a motion to amend, and was free to amend as a matter of right. The recent discovery involved the revelation that MetTel had never answered the First Objection. (Letter from Charles H. Ryans, Esq. to the Court, dated Nov. 8, 2006, at 1)("I have eliminated paragraph 3 of MetTel's Proposed Order in its entirety. This was done

---

[4] "The Sixth and Seventh Circuits have cited four factors in guiding a court in exercising its discretion to allow a dismissal without prejudice: (1) the defendant's effort and expense in preparing for trial, (2) excessive delay on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need for dismissal, and (4) whether the defendant has moved for summary judgment." (Debtor's Reply, at 4.)

[5] The debtor also filed another amended objection (the "Third Amended Objection") to MetTel's proof of claim. (ECF Doc. # 591.)

8

because in researching certain issues that were raised at the hearing, which I could not attend, it was discovered that MetTel never answered Best's original Objection. Thus, Best was entitled to amend its Objection as a matter of course. . . .")(Footnote omitted.)(ECF Doc. # 590.)  The letter overlooked the debtor's argument, made one month earlier, that it could withdraw the setoff claim without prejudice under Rule 41 because MetTel never answered the First Objection.

After considering the counter proposals and the post hearing letters sent by the parties, the Court signed the order.[6]

**The Motion for Reargument**

The debtor has now moved for reconsideration of the Order, and raises two points.  First, the Court previously authorized the debtor to withdraw the September 1999 migration claim.  Second, the debtor had an absolute right to amend its objections.  As explained below, the debtor is correct with regard to the September 1999 migration claim, although the circumstances indicate that it was withdrawn with prejudice.  The motion for reconsideration is otherwise denied.

## DISCUSSION

**A.    The Standards Governing a Motion for Reconsideration**

Local Bankruptcy Rule 9023-1(a) governs motions for reargument or reconsideration. It states:

> A motion for reargument of a court order determining a motion shall be
> served within 10 days after the entry of the Court's order determining the

---

[6] As noted, the parties sent letters to the Court after the hearing.  The letters primarily concerned the belated filing of the Third Amended Objection.  (See ECF Doc. ## 592, 593, 606.)  I apparently failed to identify the last letter in the Order.  The oversight was harmless, as all of the post-hearing letters had an equal influence on the contents of the Order.

9

>original motion, or in the case of a court order resulting in a judgment, within 10 days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

The movant must show that the court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." Anglo American Ins. Group, P.L.C. v. CalFed Inc., 940 F. Supp. 554, 557 (S.D.N.Y. 1996)(quoting Morser v. AT & T Info. Sys., 715 F. Supp. 516, 517 (S.D.N.Y. 1989)); accord Banco de Seguros del Estado v. Mut. Marine Offices, Inc., 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002), aff'd, 344 F.3d 255 (2d Cir. 2003); Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999); Farkas v. Ellis, 783 F. Supp. 830, 832-33 (S.D.N.Y.), aff'd, 979 F.2d 845 (2d Cir. 1992). "Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." Griffin Indus., 72 F. Supp. 2d at 368 (internal quotation marks and citations omitted); accord Banco de Seguros del Estado, 230 F. Supp. 2d at 428.

The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the court has already fully considered. Griffin Indus., 72 F. Supp. 2d at 368; Monaghan v. SZS 33 Assocs., L.P., 153 F.R.D. 60, 65 (S.D.N.Y. 1994); Farkas, 783 F. Supp. at 832. In addition, the parties cannot advance new facts or arguments; a motion for reargument is not a vehicle for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)(discussing Rule 59); accord Griffin Indus., 72 F. Supp. 2d at 368 (discussing motions for reargument).

10

B.  **The Status of this Proceeding**

Federal Bankruptcy Rule 3007 governs objections to claims. It provides:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

The filing of a claim objection triggers a "contested matter." 9 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 3007.01[1], at 3007-3 (15th rev. ed. 2006)("COLLIER"). The proof of claim is analogous to a complaint, and the objection is analogous to and must meet the standards of an answer in a civil action. Id., at 3007.01[3], at 3007-7; see Nortex Trading Corp. v. Newfield, 311 F.2d 163, 164 (2d Cir. 1962). Ordinarily, Rule 3007 does not require a response to a claim objection, and "if the objecting party believes that a response to an objection is appropriate or necessary, an order of the court is needed." 9 COLLIER ¶ 3007.01[1], at 3007-3. If the objection is joined with a request for the type of relief specified in Federal Bankruptcy Rule 7001, it becomes an adversary proceeding. The transformation of the contested matter into an adversary proceeding makes all of the rules of Part VII of the Federal Bankruptcy Rules applicable. FED. R. BANKR. P. 3007 advisory committee's note (1983).[7]

In the course of its motion for leave to amend, the debtor contended that although its setoff claims did not seek affirmative relief, they were nevertheless counterclaims within the meaning of Fed. R. Civ. P. 41. (Debtor's Reply, at 3 n.1)("A setoff for this purpose is simply a counterclaim that is limited in amount to the amount of the claim it is

---

[7] By default, Federal Bankruptcy Rule 9014(c) makes some but not all of the Part VII rules applicable to contested matters. It also authorizes the court to make other Part VII rules applicable.

11

asserted against.") Prior to the hearing on the motion, it also filed a Notice of Dismissal under Fed. R. Civ. P 41, withdrawing the December 2000 migration claim. I accepted the argument made by the debtor (and MetTel) that Rule 41 governed the withdrawal, but disagreed that it could be done by notice.

If the setoff claims were counterclaims "under the relaxed pleading rules applicable to contested matters," (Debtor's Reply, at 3), then they were also counterclaims under Federal Bankruptcy Rule 3007. The debtor's counterclaims called for a reply, FED. R. CIV. P. 7(a)(made applicable by FED. R. BANKR. P. 7007), and the failure to reply could result in a default judgment against MetTel. FED. R. CIV. P. 55(made applicable by FED. R. BANKR. P. 7055). The MetTel Response satisfied the requirements of the reply demanded by the debtor's counterclaim. Indeed, the debtor apparently agreed. It never attempted to enter a default judgment against MetTel based on the failure to respond to the counterclaim. That the Court also chose to treat the comprehensive MetTel Response as a motion for summary judgment does not undercut the conclusion that it was a reply to the debtor's counterclaim for purposes of Part VII of the Federal Bankruptcy Rules.

### C. The Motion for Reconsideration

#### 1. The Right to Amend the First Objection

I reject the debtor's argument that it had the absolute right to amend the First Objection without leave of the Court. First, the debtor obviously did not make this argument prior to the hearing, as it was the party that initiated the motion for leave to amend. The argument initially surfaced in Ryans' post-hearing letter. Furthermore, Ryans' belated discovery prompting the change in position – that MetTel never

responded to the First Objection – was disingenuous. The debtor took this very position in October 2006 when it attempted to withdraw the December 2000 migration claim by notice of dismissal. The debtor cannot make this new argument after the Court decided the motion for leave to amend.

Second, the argument is wrong. Federal Civil Rule 15(a), made applicable by FED. R. BANKR. P. 7015, states in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

As discussed, MetTel filed the reply necessitated by the debtor's counterclaim, cutting off the absolute right to amend.

### 2. The Right to Dismiss the Migration Claims

For similar reasons, I reject the argument that the debtor had the absolute right to withdraw its migration claims. Rule 41 of the Federal Rules of Civil Procedure, made applicable by FED. R. BANKR. P. 7041, governs the dismissal of counterclaims. It states, in pertinent part, as follows:

> (a) VOLUNTARY DISMISSAL: EFFECT THEREOF.
>
> (1) <u>By Plaintiff; by Stipulation</u>. Subject to [exceptions not relevant], an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs. . . . Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice . . . .
>
> (2) <u>By Order of Court</u>. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions

13

> as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
>
> . . . .
>
> (c) DISMISSAL OF COUNTERCLAIM, CROSS-CLAIM, OR THIRD-PARTY CLAIM.
>
> The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim. A voluntary dismissal by the claimant alone pursuant to paragraph (1) of subdivision (a) of this rule shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing.

The debtor was not free to withdraw the December 2000 migration claims by notice. The MetTel Response qualified as a reply to the debtor's counterclaims, and was also treated as a motion for summary judgment. In either case, the debtor had to move to dismiss the claim under Rule 41. Instead, it moved to amend its objection under Rule 15.

I agree, however, that the part of the Order dealing with the September 1999 migration claim should not have been included. The debtor voluntarily withdrew the claim during an earlier discovery dispute, and the withdrawal of the claim was confirmed by the Court's June 2, 2006 discovery order.

I disagree, however, with the offhand suggestion by the debtor that the claim was withdrawn without prejudice, (Debtor's Reply, at 3), and leave that determination for this Court at another time. The debtor could not dismiss the September 1999 migration claim by notice for the reasons already discussed.[8] Furthermore, it never made a motion to dismiss this claim. Instead, it abandoned the claim, in the face of discovery disputes. Finally, it never said it intended to pursue the claim in another forum, as it did with the December 2000 claim.

---

[8] Accordingly, even if one viewed the debtor's April 13, 2006 letter as a Rule 41 notice, it was ineffective.

14

The omission was understandable as the debtor could not prove any damages. Following the May 30, 2006 conference, MetTel submitted a proposed order that arguably dismissed all of the debtor's setoff claims. The debtor responded with a proposed counter order that limited the dismissal to the September 1999 claim. Ryans' accompanying letter, (ECF Doc. # 500), explained that it was possible that the debtor had been damaged by the migration from another dial tone provider to MetTel in April 2001, and the debtor did "not want to withdraw this claim, at least until discovery is completed." The letter clearly implied that the debtor was abandoning the September claim because it could not prove damages. The Court adopted the debtor's more restricted view when it signed the June 2, 2006 order. This decision is not intended to adjudicate the nature of the prior dismissal, and the parties may wish to move to clarify the June 2, 2006 order on this point.

In conclusion, the reconsideration motion is granted, and upon reconsideration, the Order is modified to eliminate the reference to the September 1999 migration claim. The motion is otherwise denied.

So Ordered.

Dated: New York, New York
       January 24, 2007

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
Chief United States Bankruptcy Judge