UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                        :
                                              :        Chapter 11 (Confirmed)
          BEST PAYPHONES, INC.,               :        Case no. 01-15472 (SMB)
                                              :
                    Debtor.                   :
-------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER
## DENYING MOTION AND CROSS-MOTION

**A P P E A R A N C E S:**

MICHAEL CHAITE, *Pro Se*
70 Roselle Street
Mineola, NY 1150

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for the City of New York and Its Agencies*
100 Church Street, Room 5-223
New York, New York 10007

          Gabriela P. Cacuci, Esq.
                  Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

          This case recently "celebrated" its thirteenth anniversary.  The only outstanding issue

concerns the allowance of the claims filed by the New York City Department of Information

Technology and Telecommunications (the "City").  The parties, including the Debtor, its

principal Michael Chaite and the City have been engaged in litigation during this entire period

before this Court, the United States District Courts for the Southern and Eastern Districts of New

York and the New York state courts.  In the latest salvo, Chaite has moved to disallow the City's

claims on the ground that the City failed to file an application for allowance of its claims within

the time period set forth in Article VIII of the confirmed *Third Amended Plan of Reorganization*

*Jointly Proposed by Best Payphones, Inc, Debtor and Debtor-in-Possession, and Michael Chaite*, dated October 8, 2002 (the "Plan") ECF Doc. # 155).)  The City has cross-moved for an order transferring the escrow established under the Plan to provide for the payment of disputed claims when and if allowed to the City's counsel.  For the reasons that follow, both motions are denied.

## BACKGROUND

The background to the dispute between the parties has been the subject of numerous opinions of this court.  *See, e.g., In re Best Payphones, Inc.*, 279 B.R. 92 (Bankr. S.D.N.Y. 2002).  For present purposes, it is sufficient to state that prior to the petition date, the debtor operated public pay telephones ("PPTs") in various locations throughout the City of New York. The City contended that the Debtor lacked the authority to operate the PPTs and issued various notices of violation ("NOVs") reflecting a $1,000 fine for each violation.

The debtor commenced its chapter 11 case on October 23, 2001.  By Order dated January 8, 2002 (ECF Doc. # 14), the Court established a February 22, 2002 bar date for filing prepetition claims (the "Prepetition Bar Date"), including claims held by governmental units.  On February 4, 2002, the City filed Claim no. 4 (the "Prepetition Claim") in the amount of $60,048.15, consisting of $37,048.15 in unpaid fees and $23,000.00 in fines pertaining to twenty-three NOVs.  The two parts of the Prepetition Claim were mutually exclusive.  The Debtor owed the fees if it was authorized to operate the PPTs, and owed the fines if it was not.

Thereafter, by Amended Order dated October 11, 2002 (ECF Doc. # 161), the Court fixed November 18, 2002 as the deadline for filing administrative claims (the "Administrative Bar Date").  The Amended Order required all creditors, including governmental units that held

2

claims as defined in Bankruptcy Code § 503, to file a Proof of Claim *or* Notice *or* Motion for Allowance of Administrative Expense with the Clerk of this Court by the Administrative Bar Date. Each Proof of Administrative Claim or Notice or Motion to Allow Administrative Expense had to conform to the Official Form, and "[a]ny entity that is required to file an administrative claim but fails to do so by the Administrative Bar Date will not be entitled to participate in distributions under any plan confirmed by the Court."

The City filed Claim no. 16 (the "Administrative Claim") on or about November 13, 2002, prior to the Administrative Bar Date.[1] It followed the same format as the Prepetition Claim. The Administrative Claim sought $105,789.35 consisting of $69,789.35 in unpaid fees and $36,000.00 relating to thirty-six additional NOVs. The face of the claim alleged that the entire debt was incurred postpetition between October 23, 2001 and December 14, 2002. The attachment to the Claim confirmed that the fees arose postpetition but did not identify the dates that the thirty-six violations occurred. The City subsequently withdrew its claim for fees, and its claims are now limited to the fines.

The Court confirmed the Plan on December 26, 2002. (*Order Confirming Third Amended Plan of Reorganization Jointly Proposed by Best Payphones, Inc., Debtor and Debtor-In-Possession, and Michael Chaite, dated October 8, 2002, as Modified*, dated Dec. 26, 2002 ("*Confirmation Order*") ECF Doc. # 219).) Among other things, the Plan provided that the money needed to cover disputed claims would be held in escrow. (*See* Plan, Article V.) The original escrow agent was Larry I. Glick, P.C., the Debtor's former attorney. (*Confirmation Order* at ¶ 9.) By order dated December 30, 2013 (ECF Doc. # 873), the Debtor's current

---

[1]    This opinion refers to Claim no.16 as an Administrative Claim for descriptive purposes only. Its precise status is the subject of a separate motion.

attorney, George M. Gilmer, Esq., replaced Glick as escrow agent.  At the present time the

escrowed funds total roughly $76,000.

The Plan also included provisions relating to the Court's retention of jurisdiction to

resolve contested proceedings.  Article VIII provided in pertinent part:

> The Court shall retain exclusive jurisdiction for the following purposes:
>
> (a) to determine all objections to Claims;
>
> . . . .
>
> (c) to determine all Administrative Claims including, without limitation,
> applications for the allowance of compensation and reimbursement of expenses,
> provided that applications for allowance of compensation and reimbursement of
> expenses shall be filed within 60 days after the Confirmation Date;
>
> . . . .
>
> (e) to determine all applications and adversary proceedings pending on the
> Effective Date or filed or commenced within 60 days thereafter . . . .

Earlier this year, the Debtor and Chaite moved to disallow the Administrative Claim on

the ground that fines were actually incurred prepetition, but the Administrative Claim was not

filed until after the Prepetition Bar Date.  The City filed its own motion to enter a final decree,

arguing that the remaining objections to its prepetition and postpetition claims were the subject

of litigation in the United States District Court for the Eastern District of New York, and there

was nothing further for this Court to do.  Those motions are *sub judice*.

## DISCUSSION

**1.     Chaite's Motion**

Chaite's current motion seeks to disallow the City' claims and release the escrow,

presumably to Chaite.  He argues that the Court lacks the jurisdiction and power to allow the

Prepetition Claim or the Administrative Claim because the City failed to file an application to

allow either of the claims within the 60 day time period identified in Article VIII of the Plan.

The motion lacks merit.

The Prepetition Claim was filed prior to the Prepetition Bar Date. Similarly, the

Administrative Claim was filed prior to the Administrative Bar Date. The Prepetition Claim was

deemed allowed absent an objection. 11 U.S.C. § 502(a). Although Bankruptcy Code § 503(a)

provides that an administrative creditor may file a request for payment, the Amended Order

permitted the alternative of filing a Notice or an Administrative Proof of Claim. The City

followed this alternative. The filing of proofs of claim represented the City's application for

payment, and Article VIII in the Plan did not require the City to file a separate, additional

application for the allowance of its claims. While not a model of clarity in other respects, the

"applications" mentioned in Article VIII did not refer to the filing of proofs of claim. Indeed, the

respective deadlines to file prepetition and postpetition claims had already expired, and the Plan

did not give creditors (other than professionals) an additional 60 days after confirmation to file

claims that were already time-barred.

In short, the Court has jurisdiction to allow the City's claims, and the allowability of the

Administrative Claim is the subject of a separate motion that is *sub judice*. Accordingly,

Chaite's motion is denied in all respects.

## 2.    The City's Motion

The City's motion seeks an order transferring the escrowed funds to the City's counsel to

be held in escrow by the New York Law Department pending the conclusion of the Eastern

District litigation between the Debtor and the City. The motion is based upon the City's distrust

of the present escrow agent. It describes the relationship among Chaite, the Debtor and Gilmer

as "very murky," suggests that Chaite is "ghost writing" Gilmer's motion papers and charges that Gilmer lacks "independent legal judgment."  In addition, Chaite's motion to transfer the escrow funds to himself reflects a breach of his fiduciary obligations to the City.  (*Response of the City of New York (the "City") to Pro Se Motion Filed by Michael Chaite to Disallow the City's Claims and Release the Funds Held by Best's Counsel in Escrow on Account of the City's Disputed Claims and City's Motion to Transfer Escrow Funds to City's Counsel as Escrow Agent Under the Plan*, dated Oct. 23, 2014, at ¶¶ 23-24 (ECF Doc. # 919).)

The motion is denied.  Whatever the City may believe regarding Gilmer's shortcomings as the Debtor's counsel, his duties as escrow agent are separate.  Notwithstanding his "very murky" relationship with Chaite, the City has not identified any act of dishonesty or defalcation by Gilmer regarding the escrowed funds.

So ordered.

Dated: New York, New York
       October 30, 2014

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge

6